[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16979
Non-Argument Calendar
_____

D. C. Docket No. 04-20929-CR-SH

UNITED STATES OF AMERICA,


                                                    Plaintiff-Appellee,


                            versus


STANLEY EDOUARD,


                                                    Defendant-Appellant.



_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(October 18, 2006)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Stanley Edouard appeals his conviction for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. Edouard alleges that he was prejudiced as a result of the district court, sua sponte, excusing and replacing an impaneled juror with an alternate juror on the basis of severe financial hardship to the impaneled juror in relation to his probationary employment. Edouard alleges that the district court improperly excused the juror because there was no "clear factual support" to prove that the juror was unable to perform, or disqualified from performing, his duties. Additionally, Edouard argues that an employment inconvenience is not tantamount to an inability to serve on a jury. Edouard also argues that the district court should have held a hearing on the juror's incapacity since his disability was not obvious. Finally, Edouard claims prejudice because the juror had "expressed great concern" over the government's recording of conversations.

Pursuant to Fed.R.Crim.P. 24(c), the district court "may impanel up to 6 alternate jurors to replace any jurors who are unable to perform or who are disqualified from performing their duties." Fed.R.Civ.P. 24(c). We review a district court's decision to replace an impaneled juror with an alternate juror for an abuse of discretion. See United States v. Puche, 350 F.3d 1137, 1152 (11th Cir. 2003). We "review the exercise of this discretion to ensure that the [d]istrict [c]ourt did not discharge the juror without factual support, or for a legally irrelevant

2

reason so as to amount to a showing of bias or prejudice to the defendant." Id. (internal quotations and citations omitted). A juror can be excused from jury duty because of severe financial hardship. See Thiel v. Southern Pac. Co., 328 U.S. 217, 224, 66 S.Ct. 984, 987-88, 90 L.Ed. 1181 (1946) (stating, in the civil context, that financial hardship is a proper reason for excusing a juror from jury duty if the "financial embarrassment is such as to impose a real burden and hardship"). Moreover, "reversal is required only if there is a reasonable possibility that the district court's violation of Rule 24(c) actually prejudiced the defendant by tainting the jury's final verdict." Id. at 1286-87 (citations omitted).

Upon review of the record and having considered the briefs of the parties in light of the deferential standard of review, we cannot say that the district court abused its discretion in excusing the juror sua sponte.

**AFFIRMED.**